43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BREHM COMMUNITIES, a California corporation,
Plaintiff-counter-defendant-Appellant,
v.
CONTINENTAL INSURANCE COMPANY, Defendant,
and
Gow & Hanna, Inc., a New York corporation, Defendant-Appellee.
 No. 93-55743.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1994.
Decided Dec. 8, 1994.
 
 Before: FARRIS, POOLE and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court properly granted Continental's motion for summary judgment on Brehm's claims for reformation and declaratory relief. Based on the evidence presented, no reasonable juror could find that a request for broad form property damage/follow form coverage was communicated to either Gow & Hanna or Continental, or that either defendant knew or suspected that Brehm was requesting such coverage. We have found nothing in the submissions, quotations, binders or policies that indicates such a request was made, and Brehm points to nothing in these documents suggesting otherwise.[1] Considered in light of the entire record, the declarations submitted by Brehm,[2] and the worksheets prepared by Richard Meyer, see Continental's SER 1215-16, are simply insufficient to create a triable issue of fact.
 
 
 3
 The district court properly granted summary judgment for defendants on Brehm's claims for breach of contract to procure insurance, negligent failure to procure insurance and bad faith denial of a contract to procure insurance. No contract to procure coverage for broad form property damage ever arose; as noted above, neither Continental nor Gow & Hanna received a request to procure such coverage, and neither party promised Brehm that such coverage would be provided. Nor has Brehm come forward with sufficient evidence showing that either defendant was somehow negligent in failing to procure insurance. Because there was no contract to procure coverage for broad form property damage, summary judgment on Brehm's cause of action for bad faith denial of a contract was appropriate as well.
 
 
 4
 The district court properly granted summary judgment for Gow & Hanna on Brehm's claims for breach of fiduciary duty, negligent misrepresentation and fraud. As the district court noted, see Continental's SER 1237 (Tr. of Hr'g 3/1/93), Brehm failed to present sufficient evidence on the element of damages to withstand summary judgment. The declarations Brehm submitted to support its claim that it paid excessive premiums, see n. 2 supra, were inadmissible: The declarants all lacked personal knowledge of the basis on which the premiums were calculated. Continental submitted otherwise uncontradicted evidence that Brehm was charged only for the coverage it actually received. See Continental's SER 1213-14. Brehm's allegation that it now faces liability for claims arising out of work performed on its behalf by subcontractors is too speculative to withstand summary judgment, given that Continental has yet to deny any tender of defense or request for indemnity. See Continental's SER 1237 (Tr. of Hr'g 3/1/93).
 
 
 5
 The district court properly denied Brehm's motion for summary judgment on Continental's counterclaim for declaratory relief. Both the 1988-89 and 1989-90 policies exclude coverage for broad form property damage. Neither policy is ambiguous in this regard, and the exclusion provisions in both policies are sufficiently conspicuous, plain and clear. See Continental's SER 780, 802 (exclusion (b)(2) and Endorsement # 15 in '88-89 policy); 755 (Endorsement # 12 in '89-90 policy).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Continental's SER 233-381 ('88-89 submission from Burnham to G & H); 477-598 ('89-90 submission from Burnham to G & H); 811-936 ('88-89 submission from G & H to Continental); 937-1013 ('89-90 submission from G & H to Continental); 18 ('88-89 quotation); 664-65 ('89-90 quotation); 1014-1017 ('89-90 binder); 778-810 ('88-89 policy); 739-777 ('89-90 policy)
 
 
 [2]
 See Continental's SER 1045-47 (Decl. of John Jay); 1048-1050 (Decl. of William Pope); 1051-53 (Decl. of Forrest Brehm)